People v Baptiste (2020 NY Slip Op 01629)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Baptiste

2020 NY Slip Op 01629

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-09666
2016-09667

[*1]The People of the State of New York, respondent,
vMalik Baptiste, appellant. (Ind. Nos. 15-00360, 15-00361)

Salvatore C. Adamo, New York, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Rockland County (Victor J. Alfieri, J.), both rendered July 18, 2016, convicting him of robbery in the first degree under Indictment No. 15-00360, and criminal possession of stolen property in the fourth degree under Indictment No. 15-00361, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
On these appeals from two judgments of conviction, the defendant contends that the sentences imposed were excessive. With respect to the judgment rendered under Indictment No. 15-00360, the defendant's purported waiver of his right to appeal is invalid because neither the County Court's colloquy nor the written waiver form contain any language that appellate review remained available for select issues, including the voluntariness of the plea and the appeal waiver, legality of the sentence, and the jurisdiction of the court (see People v Thomas, _____ NY3d _____, _____, 2019 NY Slip Op 08545, *7 [2019]). The written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal because the language of the waiver suggests that the waiver may be an absolute bar to the taking of an appeal (see _____ NY3d at ____, 2019 NY Slip Op 08545, *6-7). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim under Indictment No. 15-00360 (see People v Fuller, 163 AD3d 715, 715). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
With respect to the judgment rendered under Indictment No. 15-00361, the defendant's excessive sentence claim is academic, as that sentence has already been served (see People v Waddy, 240 AD2d 521, 521).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court